# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRAD WAYNE KEATON** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:15-2490 |
| v. | : | |
| | | **(JUDGE MANNION)** |
| **WARDEN MAIORANA** | : | |
| Respondent | : | |

## MEMORANDUM

Brad Wayne Keaton, previously an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Keaton claims that his due process rights were violated during the course of a prison disciplinary hearing held on March 30, 2015, where he was found guilty of the prohibited act of possession of unauthorized metal tools that were hidden underneath a chair. Id. Specifically, he argues that the evidence is insufficient to show that he knew these pieces of metal were underneath the chair he brought out of his cell only an hour earlier. Id. For the reasons set forth below, the petition will be dismissed as moot.

## Background

On March 24, 2015, Keaton was served with Incident Report No.

2696738, charging him with possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, ammunition, or any instrument used as a weapon, a code 104 violation. (Doc. 10-1 at 10). On March 24, 2015, the Unit Discipline Committee forwarded the matter to the Discipline Hearing Officer ("DHO"). Id.

On March 30, 2015, Petitioner appeared before DHO Marc A. Renda, for a disciplinary hearing. (Doc. 10-1 at 13-17). The DHO found Petitioner guilty of the prohibited act and sanctioned Petitioner to, *inter alia,* disallowance of forty (40) days good conduct time, and forfeiture of eighty-eight (88) days non-vested good conduct time. Id.

BOP records indicate that Keaton filed an appeal with the BOP Central Office on June 15, 2015 and that the Central Office did not provide a response to his appeal. Pursuant to 28 C.F.R. §542.18, the appeal is therefore deemed to have been denied due to the Central Office's lack of a timely response. Accordingly, his challenge to the disciplinary action against him has been fully exhausted.

On December 29, 2015, Keaton filed a petition for writ of habeas corpus before this Court. ((Doc. 1). On February 12, 2016, Respondent filed his response, and on March 31, 2016, Keaton filed a reply. (Doc. 14). On June 9,

2017, Keaton was released from custody. (Doc. 17-1).

**Discussion**

Article III of the United States Constitution limits federal courts to the adjudication of only ongoing cases and controversies. U.S. Const. art. III, §2, cl. 1. If at any time the petitioner does not have a "personal stake in the outcome" of the suit, "the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). "Once the convict's sentence has expired, some concrete and continuing injury other than the new-ended incarceration or parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Consequently, a petition under 28 U.S.C. §2241 challenging the loss of good time credits becomes "moot upon [petitioner's] release from imprisonment unless he [or she] can demonstrate some 'collateral consequence' that persists beyond the sentence's expiration and is likely to be redressed by a favorable judicial decision." Scott v. Schuykill FCI, 298 F.App'x 202, 204 (3d Cir. 2008) (citing Spencer, 523 U.S. at 7)).

Keaton's Inmate History reveals that he was released on good conduct time. (Doc. 17-1). A search on the Federal Bureau of Prisons inmate locator

confirms that petitioner Brad Wayne Keaton, Register Number 17055-078, was released from custody on June 9, 2017. Therefore, unless some collateral consequence exists, his petition is now moot. Scott, 298 F.App'x at 204.

The record does not establish that any collateral consequences exist as a result of Keaton's prison disciplinary hearing. As Keaton has completed his sentence, this Court can offer him no relief. Scott, 298 F. App'x at 204. Thus, the petition for writ of habeas corpus is moot. Id.

**Conclusion**

A review of the record reveals that the Keaton's petition for writ of habeas corpus is moot. Consequently, the petition will be dismissed.

An appropriate Order will be entered.

        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States District Judge**

**DATE:** June 15, 2017
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2490-01.wpd